**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

DAVID COLE,
Petitioner,

v.

U.S. IMMIGRATION & NATURALIZATION
SERVICE,
Respondent.

No. 96-1550

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A70-802-601)

Submitted: January 28, 1997

Decided: February 11, 1997

Before HALL, NIEMEYER, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Eric R. Bowman, IMMIGRATION LAW CENTER, Alexandria, Vir-
ginia, for Petitioner. Frank W. Hunger, Assistant Attorney General,
Richard M. Evans, Assistant Director, Ellen Sue Shapiro, Senior Liti-
gation Counsel, Office of Immigration Litigation, Civil Division,
UNITED STATES DEPARTMENT OF JUSTICE, Washington,
D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

David E. Cole petitions for review of a final order of the Board of Immigration Appeals (Board) for asylum and withholding of deportation. Because substantial evidence supports the Board's decision, we affirm.

Cole, a native and citizen of Sierra Leone, entered the United States as a visitor on December 1, 1990. His authorized stay expired on January 1, 1991, but Cole remained in the United States. On December 23, 1993, the INS issued an order to show cause why he should not be deported for overstaying his visa. Cole filed an application for asylum and withholding of deportation. Following a hearing, the Immigration Judge (IJ) issued a decision denying asylum and withholding of deportation but granting voluntary departure. The Board affirmed, ruling that Cole had not demonstrated a well-founded fear of persecution. Cole timely petitioned this court for review of the Board's order.

I

Cole grew up in Freetown, Sierra Leone, but he and his family later moved to an eastern province. Cole's father was a customs collector for the government while the APC party was in power. According to Cole's testimony, his father lost his job because he would not smuggle or take bribes. Cole was involved with a student political group when he was in high school, and had a job with the government for some time after he graduated. Cole describes himself as a member of the Creole tribal group.

In 1989, rebels crossed the border from Liberia into Sierra Leone. Cole's family was attacked. The men were beaten and the women raped. The family fled to Freetown, and within a year Cole's father

2

and two sisters got visas to Great Britain, and Cole to the United States. Cole's mother and other siblings remained in Sierra Leone. According to Cole, the family members suffered another attack in Freetown and his mother later died. Cole asserts that he is entitled to asylum or withholding of deportation, because if he returned to Sierra Leone he would be persecuted as a Creole and because of his father's and his own association with the APC party, which is no longer in power.

II

A refugee qualifies for asylum if he is unable or unwilling to return to the country of his nationality because of "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. . . ." 8 U.S.C.A. § 1101(a)(42)(A) (West Supp. 1996). The alien must prove that the fear of persecution "stems directly from one of the five categories listed in the Act." Huaman-Cornelio v. Board of Immigration Appeals, 979 F.2d 995, 999 (4th Cir. 1992). The well-founded fear standard contains both a subjective and an objective component. INS v. Cardoza-Fonseca, 480 U.S. 421, 430-32 (1987). The subjective element requires a genuine fear on the part of the alien. Figeroa v. INS, 886 F.2d 76, 79 (4th Cir. 1989). The objective component requires credible, specific, direct evidence supporting a reasonable fear that the alien faces persecution. Id.; Huaman-Cornelio, 979 F.2d at 999-1000. If an applicant establishes past persecution, he is presumed to have a well-founded fear of future persecution rebuttable by evidence establishing a change in conditions in the country such that any fear of future persecution is no longer objectively reasonable. 8 C.F.R. § 208.13(b)(1)(i) (1996).

This Court must uphold the Board's decision if it is supported by substantial evidence from the record as a whole. Huaman-Cornelio, 979 F.2d at 999. The reviewing court can reverse the Board only if the evidence "was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992).

We conclude that substantial evidence supports the Board's ruling. The record supports the Board's conclusion that the sufferings

3

endured by Cole's family were those faced by Sierra Leoneans generally in areas under rebel attack, and were not directed at Cole's family because of any prior affiliation with the APC. Material in the record indicates that supporters of the APC or those related to even senior APC officials are not subject to "legal or extra-legal actions" by the government.

In addition, record evidence supports the Board's conclusion that the rebels are not active throughout the country and that there are relatively safe areas. Cole provided no evidence, other than his conclusory testimony, to bolster his claim of persecution or even discrimination based on his Creole background. Therefore, substantial evidence supports the Board's ruling that Cole has neither suffered past persecution nor has a well-founded fear of persecution on the basis of one of the five statutory grounds.

Because Cole has failed to meet the less stringent burden of proof for asylum, the Court need not decide whether he is eligible for withholding of deportation under 8 U.S.C.A. § 1253(h) (West Supp. 1996). Rivera-Cruz v. INS, 948 F.2d 962, 969 (5th Cir. 1991). We affirm the Board's ruling denying Cole asylum and withholding of deportation. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4